IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA BETZEL, RONALD REED, SARA ENGIMANN, and MILES BENNETT HOGERTY, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:23-cv-02247 ) ) Judge Sharon Johnson Coleman |
| v. | ) ) Magistrate Judge Jeffrey T. Gilbert ) |
| CHICAGO POLICE OFFICERS ANGELO GALLEGOS (#14570), MICHAEL WILSON (#17643), DAVID FLOYD (#13262), CHRISTOPHER BIELFELDT (#63), S. MANNION (#115), SUPERINTENDENT DAVID BROWN, and CITY OF CHICAGO, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**JOINT STATUS REPORT**

The parties submit the following joint status report pursuant to the Court's Standing Order for Initial Status Report:

**1.  A brief summary of the claims asserted in the complaint and any counterclaim or third party complaint.**

On May 30, 2020, Plaintiffs Betzel, Reed, Engimann and Hogerty participated in a demonstration in downtown Chicago in support of the Black Lives Matter movement. Plaintiff Betzel alleges that an unidentified Chicago police officer ripped her bicycle out of her hands while another unidentified officer threw her to the ground, and together they pushed her back into the crowd. Plaintiff Betzel additionally alleges that Defendant Officer Gallegos pushed his baton into her neck and chest. Plaintiff Reed alleges that unidentified officers struck him with batons on his head and body, grabbed chunks of his hair and ripped a dreadlock out of his head, taunted him with vulgarities, took his personal property, and falsely arrested him. Defendant

Officers Wilson and Floyd are listed as Plaintiff Reed's arresting officers. Plaintiff Engimann alleges an unidentified officer hit Engimann with a baton on the arms and another unidentified officer rammed a baton into Engimann's neck causing Engimann to fall to the ground and then one or more other unidentified officers rammed batons into Engimann's back. Plaintiff Engimann further alleges that Defendant Officer Biefeldt pulled Engimann's backpack causing Engimann to fall to the ground and damaging Engimann's personal property. Engimann also alleges she was falsely arrested by Defendant Officers Biefeldt and Mannion. Plaintiff Hogerty alleges that while attempting to pick up another protester, an unidentified Chicago police officer hit Hogerty with a baton in the back, causing them to fall and then one or more unidentified officers hit Hogerty with a baton, and Hogerty was grabbed by one or more unidentified officers and dragged behind a line of officers to be handcuffed. Plaintiff Hogerty asserts he was falsely arrested and the arresting officer was Defendant Officer Mannion.

Plaintiffs' claims were initially filed as part of *Protesters in Support of Black Lives v. City of Chicago,* 20-cv-6851 (the "Original Action"), which included 60 plaintiffs, dozens of defendant officers, Defendant Brown, and the City of Chicago. Pursuant to the Court's April 6, 2023 Order, the Original Action was severed into fifteen separate cases, including this matter before the Court. Defendants were served during the Original Action.

On September 13, 2023, Plaintiffs filed an Amended Complaint specific to Plaintiffs' claims in this severed matter. Plaintiffs have brought claims pursuant to 42 U.S.C. § 1983 for Excessive Force, Violation of the First Amendment, False Arrest, Unlawful Search and Seizure of Property, Conspiracy to Deprive Plaintiffs of Their Constitutional Rights, Failure to Intervene, Failure to Provide Medical Care, and Unlawful Policy and Practice. Additionally, Plaintiffs have brought state law claims for violations of the Illinois Constitution, Assault and Battery,

Intentional Infliction of Emotional Distress, False Arrest, Malicious Prosecution, Conspiracy, *Respondeat Superior*, and Indemnification pursuant to 735 ILCS 10/9-102.

There are no counterclaims or third party complaints.

**2.     If an answer has been filed, a recap of any admissions contained in the answer and, whether or not an answer has been filed, a brief summary of any affirmative defenses raised or likely to be raised to the claims alleged.**

Defendant Officers and Defendant Brown have filed answers to the amended complaint. Defendant City of Chicago and Defendant Brown have filed a partial motion to dismiss the amended complaint, which is fully briefed and pending.

**3.     A brief statement of the relief sought, including an itemization of damages.**

Plaintiffs seek compensatory and punitive damages, and an award of attorneys' fees and costs.

**4.     A description of the matter referred to the magistrate judge for ruling or a report and recommendation as described in the referral order.**

The case has been referred to this Court for the purpose of holding proceedings related to discovery supervision and settlement conference.

**5.     Any existing discovery cut-off, pretrial, or trial dates.**

On March 29, 2024, Judge Coleman set a fact discovery deadline of August 1, 2024, but expressly noted that this Court has full authority to adjust discovery deadlines. No deadlines have been set for expert discovery and no trial date has been set.

**6.     Whether Rule 26(a)(1) disclosures have been made by all parties and, if not, a date by which such disclosures will be served.**

All parties have issued Rule 26(a)(1) initial disclosures.

**7. Whether written discovery has been served by any party and the status of responses to that discovery (i.e., when responses are due; whether responses have been served and/or documents produced; status of any disputes or meet and confer efforts pursuant to Local Rule 37.2).**

In October 2021, Plaintiffs produced informal discovery including—where available and relevant—arrest reports, medical records, pictures of their injuries, medical records, and documents related to property lost or damages during the protest. Plaintiffs provided this information at Defendants' request and based on their representations that this informal exchange would expedite settlement. As described below, it did not.

Prior to the severance of the Original Action, Plaintiffs engaged in discovery for the limited purpose of identifying previously unidentified Chicago Police officers. Pursuant to Plaintiffs' discovery requests, Defendants produced a substantial amount of documents and video recordings, and answered interrogatories. After the severance of the Original Action, Plaintiffs served written discovery on all Defendants on March 22, 2024. Defendants' responses are due April 22, 2024.

The Defendant Officers served written discovery on Plaintiffs on December 20, 2023. Plaintiffs have responded to Defendant Officers' discovery requests.

**8. If written discovery has not been served, then a date by which all parties shall serve written discovery.**

N/A

**9. All non-expert fact discovery will be completed by date.**

August 1, 2024.

4

**10. Reports from retained experts under Rule 26(a)(2), if any, are due as follows (The parties propose the following schedule for expert discovery):**

    A.    Plaintiffs' disclosure of experts and expert reports by September 1, 2024.

    B.    Depositions of Plaintiffs' experts completed by October 1, 2024.

    C.    Defendants' disclosure of experts and expert reports by November 1, 2024.

    D.    Depositions of Defendants' experts by December 1, 2024.

**11. The parties' submission also should, as necessary, state the parties' views and proposals with respect to the matter set forth in Rule 26(f)(3)(A) through (F).**

There are no additional issues the parties wish to bring to the Court's attention at this time.

**12. Whether the parties anticipate or are engaged in discovery of Electronically Stored Information in this case, and, if so, what agreements have been reached regarding ESI and whether there are any areas of disagreement regarding ESI that are relevant to any matter referred to the magistrate judge.**

The parties are engaged in discovery of ESI. No formal agreements have been reached and there are no areas of disagreement.

**13. Whether all parties will consent to have Judge Gilbert conduct all further proceedings in this case, including trial and entry of final judgment, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Note: if all parties do not consent, then please state simply that not all parties consent pursuant to 28 U.S.C. § 636(c); do not identify any particular party by name, whether that party consents or not, in a mixed-consent situation. See Federal Rule of Civil Procedure 73(b)(1).**

The parties do not unanimously consent to have Judge Gilbert conduct all further proceedings in this case, including trial and entry of final judgement.

**14. Whether the parties have discussed settlement and the status of any settlement discussions or negotiations, whether or not they are ongoing. If no settlement discussions have taken place, state why that is so, and what needs to occur before settlement discussions would be appropriate and potentially fruitful (i.e., ruling on pending motions, completion of particular discovery, focused damages discovery or analysis, etc.).**

On February 3, 2021, Plaintiffs' counsel provided a global settlement demand on behalf of all plaintiffs in the Original Action. Then, in August 2021, in response to Defendants' request, Plaintiffs' counsel provided an updated demand, which included a specific demand for each of the plaintiffs, including Plaintiffs Betzel, Reed, Engimann and Hogerty. The parties, however did not come to a settlement at that time.

On May 24, 2023, at Defendants' request, Plaintiffs issued an updated demand on behalf of each of the plaintiffs in the Original Action, including Plaintiffs Betzel, Reed, Engimann and Hogerty. On December 4, 2023, Defendants made an offer to settle all three Plaintiffs' claims in this case. Plaintiffs will respond to this offer on or before April 8, 2024. However, the Parties remain far apart and the Plaintiffs' position is that, in the absence of a mediated process, settlement is unlikely.

Plaintiffs have repeatedly requested that Defendants consent to a referral to this Court to conduct a settlement conference for all plaintiffs in the Original Action. Defendants have not agreed as settlement negotiations have occurred separately in many of the severed cases and some of them have reached settlement.

Three of the fifteen severed cases have reached settlement. Two of those cases were single plaintiff cases and the third was a two plaintiff case. In other words, of the 60 plaintiffs in the 15 severed cases, only four plaintiffs have settled their claims. The only severed case in which settlement negotiations are ongoing is Betzel.

Plaintiffs have also repeatedly requested, as an alternative, that Defendants consent to a referral to this Court to conduct a settlement conference limited to this case. Defendants have not agreed to that either, as Defendants believe that informal negotiations are still possible but that further discovery is necessary to determine an appropriate response to Plaintiffs' most recent demand.

Dated: April 5, 2024                                       Respectfully submitted,


/s/ Sheila A. Bedi
Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576

Ben H. Elson, Brad J. Thomson
Janine Hoft, Nora Snyder, Jan Susler,
Hakeem Muhammad
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070

Jonathan Manes
MacArthur Justice Center
160 E. Grand Ave, 6th Fl.
Chicago, IL 60611
312-503-0012
**Counsel for Plaintiffs**

7

By: */s/* Richard Y. Hu
Special Assistant Corporation Counsel

Allan T. Slagel
aslagel@taftlaw.com
Richard Y. Hu
rhu@taftlaw.com
Paul J. Coogan
pcoogan@taftlaw.com
Bianca E. Ciarroni
bciarroni@taftlaw.com
Joan E. Ahn
jahn@taftlaw.com
Special Assistants Corporation Counsel
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 527-4000
***Counsel for City of Chicago and Former Superintendent David Brown***

By: /s/ Graham P. Miller
Special Assistant Corporation Counsel

Timothy P. Scahill
tscahill@borkanscahill.com
Steven B. Borkan
sborkan@borkanscahill.com
Whitney N. Hutchinson
whutchinson@borkanscahill.com
Graham P. Miller
gmiller@borkanscahill.com
Hilary L. Jabs
hjabs@borkanscahill.com
Special Assistants Corporation Counsel
BORKAN & SCAHILL, LTD
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 580-1030
***Counsel for Defendant Officers***